UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deborah Lou Simonson f/k/a
Deborah Lou Roeder,

        Plaintiff,

v.

Ameriquest Mortgage Company,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 06-2943 ADM/AJB

---

John M. Tancabel, Esq., Tancabel Law Office, St. Paul, MN, argued for and on behalf of Plaintiff.

Seth Leventhal, Esq., Dorsey & Whitney LLP, Minneapolis, MN, argued for and on behalf of Defendant.

---

## I. INTRODUCTION

On September 26, 2007, the undersigned United States District Judge heard oral argument on Defendant Ameriquest Mortgage Company's ("Ameriquest") Motion for Summary Judgment [Docket No. 56]. Because the amount in controversy in Plaintiff's only remaining claim is less than the requisite $75,000, this court dismisses Plaintiff's case and remands to state court for lack of subject matter jurisdiction.

## II. BACKGROUND[1]

The facts of this case are set forth in the Court's previous Order [Docket No. 25], and therefore only a brief summary is necessary here. In 1991, Plaintiff, then unmarried, purchased a home at 7825 Colorado Avenue North, Brooklyn Park, MN 55443, legally described as "Lot 12,

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

Block 1, Shingle Creek Heights, Hennepin County." Plaintiff married Ronald Simonson in 1996, and although they separated a few months later, they remain married today.

In 1999, Plaintiff received a $70,000 loan and signed an adjustable rate note to repay the loan with interest. The loan was secured by a mortgage on the residence. Although Simonson was married when she signed the loan documents, she signed the documents under her maiden name and indicated she was single. Simonson alleges that Ameriquest's agent told her to sign as a single woman in order to avoid the requirement that Ronald Simonson sign the loan documents.

Simonson defaulted on her loan obligations and Ameriquest acquired the property at a foreclosure sale in February 2005. After expiration of the sixth-month redemption period, Ameriquest commenced an eviction action against Simonson in Hennepin County Housing Court. In resolution of that action, the parties entered into a mediation agreement on February 7, 2006, whereby Simonson agreed to vacate the property if she was unable to repurchase it by March 7, 2006. Mediation Agreement (Hill Decl. [Docket No. 58], Ex. K). The agreement provided that if Simonson failed to exercise her right to repurchase and failed to vacate the residence by March 7, 2006, the housing court would issue an immediate Writ of Recovery. Id. Simonson's eviction has been stayed pending the outcome of this lawsuit.

This court previously dismissed Plaintiffs claims of fraud, violation of the Minnesota Consumer Fraud Act, breach of contract, and unjust enrichment in response to Defendant's Motion to Dismiss [Docket No. 3]. In Plaintiff's only remaining claim she seeks declaratory judgment that, because Ronald Simonson did not sign the loan documents, the mortgage is

invalid except to the extent that it secures the $5,000 purchase money for the deed.[2] Ameriquest asserts it is entitled to summary judgment because there is no genuine issue regarding the validity of the mortgage. Ameriquest asserts that Plaintiff is estopped from contesting the validity of her mortgage because Ronald Simonson knew and consented to the mortgage. Simonson asserts that the requirements for estoppel are not present in this case.

The issues in this case require application of state law. Minnesota Statute § 507.02, provides that "[i]f the owner be married, no mortgage of the homestead, except for purchase money unpaid thereon, nor any sale or other alienation thereof shall be valid without the signatures of both husband and wife." "[W]ithout the signatures of both spouses a conveyance of homestead property is not merely voidable but is void and the buyer acquires no rights whatsoever." Dvorak v. Maring, 285 N.W.2d 675, 677 (Minn. 1979). However, even where the statutory requirements are not met, a party may be estopped from denying the sale of a homestead if the nonsigning spouse consented to the sale and had full knowledge of the transaction; the nonsigning spouse retained benefits; and the grantee took possession and made valuable improvements. Id. at 677-78. In Dvorak, the Minnesota Supreme Court addressed a situation in which the statutory requirements of Minn. Stat. § 507.02 were not met and estoppel was not warranted. In that case, the court said that to apply the equities would ignore the "basic policy objective embodied in § 507.02 of protecting the alienation of the homestead without the willing signatures of both spouses. Id. at 678.

---

[2] Defendant contends that the value of the mortgage less the $5,000 purchase money for the deed is $67,000. Plaintiff contends that it is $65,000–the original value of the mortgage ($70,000) less the $5,000 purchase money. Because both parties estimate the amount at less than the requisite $75,000 necessary for subject matter jurisdiction, this court need not determine which value is correct.

Ameriquest also asserts that the mediation agreement constitutes a full and final settlement of all disputes with Ameriquest barring the present action. Simonson asserts that the eviction action, and the mediation agreement arising therefrom, did not encompass a determination regarding title or equitable rights and thus does not bar the present action.

Again the resolution of this issue calls upon the Court to apply state law. In Minnesota, "an unlawful detainer action is generally summary in nature, [it] determines only present possessory rights, and usually does not bar subsequent actions involving title or equitable rights of the parties." Lilyerd v. Carlson, 499 N.W.2d 803, 812 (Minn. 1993). Accordingly, the question becomes whether the parties intended the mediation settlement agreement to resolve more than the present possessory rights in Plaintiff's home.

### III. DISCUSSION

Because the facts raise only issues of state law and the amount in controversy is not sufficient for federal jurisdiction, this Court does not reach the merits of Defendant's Motion for Summary Judgment. Pursuant to 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This Court may raise the issue of subject matter jurisdiction sua sponte at any time. See James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005).

The record demonstrates that the parties are citizens of different states; however, the matter in controversy is less than $75,000. For that reason, this Court lacks subject matter jurisdiction and remands this case to state court.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's remaining claim is **REMANDED** to state court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 19, 2007.